IN THE SUPREME COURT OF THE STATE OF DELAWARE

IN THE MATTER OF EMILY IRWIN, a Disabled Person.[1]

§
§
§
§
§
§
§
§
§

No. 326, 2018

Court Below:  Court of Chancery of the State of Delaware

CM 16855-N

Submitted:  July 6, 2018
Decided:    July 13, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

**O R D E R**

(1)     Ronald J. Schmidt filed a notice of appeal purporting to appeal the Court of Chancery's alleged failure to issue a decision on a motion to dismiss filed by Schmidt on May 7, 2018, in a guardianship proceeding.[2]  The Clerk issued a notice directing Schmidt to show cause why the appeal should not be dismissed for failure to comply with Supreme Court Rule 42 when taking an appeal from an apparent interlocutory order.  In his response to the notice to show cause, Schmidt states that any defects in the notice of appeal are due to his inexperience as a *pro se* litigant.

---

[1] The Court has assigned a pseudonym under Supreme Court Rule 7(d).

[2] *See* Docket at 174, *In re* [*Irwin*], Del. Ch., CM 16855-N, Transaction ID 62000117 (May 7, 2018) ("letter submission with various exhibits submitted by Ronald Schmidt requesting that guardian be removed").

(2)    Schmidt's appeal, on its face, manifestly fails to invoke the appellate jurisdiction of this Court and is subject to dismissal, *sua sponte*, under Supreme Court Rule 29(c).  The Court's appellate jurisdiction in Court of Chancery cases is limited "interlocutory or final decrees" issued by the court.[3]  In this case, no decree, either interlocutory or final, was entered in the Court of Chancery, which would permit Schmidt to invoke the appellate jurisdiction of the Court.

NOW, THEREFORE, IT IS ORDERED that this appeal is DISMISSED under Supreme Court Rule 29(c).

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[3] Del. Const. art. IV, § 11(4).